## Magnet Coal Company v. Donaldson, Receiver, Etc.

(Decided February 23, 1923.)

### Appeal from Bell Circuit Court.

1. **Insurance—Suit by Receiver of Insolvent Insurer.—**Upon suit by the receiver of insolvent insurer against the insured to recover balance of agreed premiums for policy of insurance, the court did not err in overruling demurrer to petition, even if it showed the insurer was insolvent shortly before the expiration of the policy, since at that time most of the premiums sued for had been earned.

2. **Insurance—Insolvency—Suit to Recover Premiums.—**The insured was not entitled to recover part of premium paid to insurer and which was less than pro rata part of premium that had been earned before insolvency.

3. Insurance—Insolvency.—The mere fact insurer has reinsured all of its risks does not prove insolvency as of the date of reinsurance.

4. Insurance—Insolvency.—Where insolvency was not proven until after expiration of the policy, insurer was liable to the receiver for unpaid balance of agreed premium.

5. Insurance—Set Off and Counterclaim.—The counterclaim of the insured for indemnity for amount paid in settlement of suit against it was properly disallowed where it was not proven that the suit against it was for an injury covered by the policy, and the judgment disallowing the claim will be affirmed even though the trial court assigned an erroneous reason for disallowing it.

JAMES M. GILBERT for appellant.

N. R. PATTERSON for appellees.

Opinion of the Court by Judge Clarke—Affirming.

On April 1, 1913, the Employers' Indemnity Company of Philadelphia issued a policy of insurance to appellant, insuring it against loss or expense from claims of its employes for accidental injuries occurring within twelve months thereafter. As premium for the policy, appellant paid $152.50 in cash, and agreed to pay a further sum dependent upon the average monthly pay roll for the year, and which it is agreed amounted to $248.79.

On May 18, 1914, the indemnity company was declared insolvent, and appellee was appointed receiver therefor. Thereafter, as such receiver, he instituted this action to recover of appellant the $248.79 due upon its contract of insurance. Appellant demurred to the petition, and after that had been overruled, filed answer and counterclaim for return of the $152.50 paid for the policy and for $162.35 it had paid in settlement of a claim of J. M. Andrews for injuries from an accident which occurred in June, 1913.

Upon a trial before the court without a jury, appellee was given a judgment for the $248.79 sued for, and appellant's counterclaim was dismissed.

The first insistence for a reversal is, that the court erred in overruling the demurrer to the petition, that same did not state a cause of action because it showed that the insurer, although not declared insolvent until May 18, 1914, and after the expiration of appellant's contract, was insolvent from and after January 1, 1914. Even if this were true, as it is not, and under the authorities cited by appellant, the contract was only void after

January 1, 1914, because of breach by the insurer and failure of consideration thereafter, and appellant was yet liable for the *pro rata* part of the premium earned before insolvency. 22 Cyc. 1404; 14 R. C. L. 854. As under this view, the most favorable for appellant, appellee was entitled to recover a part of the sum sued for, it is apparent the court did not err in overruling the demurrer to the petition.

For the same reason, and upon the same authorities, it is equally clear that appellant was not entitled to recover the $152.50 paid on the premium, and that the court did not err in dismissing that item of the counterclaim, as there is no kind of proof of insolvency prior to January 1, 1914.

In fact the only proof of insolvency prior to May 18, 1914, is the admitted fact that on January 1, 1914, the insurer reinsured with the Hartford Accident & Indemnity Company of Hartford, Conn., all of its outstanding policies, and it was specifically provided in the contract of reinsurance that the reinsurer should be liable, not only to the insurer, but directly to the insured for any liability of the insurer under any of its policies. Whether or not this created a privity between the insured and the reinsurer, it is certain, it seems to us, that the mere fact of reinsurance rather than proving insolvency proves, or at least indicates, the contrary.

We are therefore of the opinion that there is no proof of insolvency prior to May 18, 1914, or until after the expiration of appellant's policy, and that it was liable for the entire premium therefor. Hence the court did not err in rendering judgment against appellant for the $248.79.

The counterclaim for the $162.35, alleged to have been paid by appellant in settlement of a claim for an injury which occurred in June, 1913, and while the policy was in force, was denied by the court, as we gather from its findings of law and fact, upon the ground that the appellant was amply protected by the contract of reinsurance against the insolvency of the insurer, and hence was not entitled to recover this sum, because the settlement was made without the knowledge or consent of the insurer or the reinsurer, in violation of the terms of the policy, and while the insurer was defending claimant's action against it.

That the settlement was made without the consent of the insurer or the reinsurer, and while local attorneys

for the insurer were defending the action against appellant, is amply sustained by the proof. But it is claimed for appellant that as a consequence of the insurer's insolvency, it had a right to settle the claim arising theretofore and recover of the insurer's receiver the amount so paid, without looking to the reinsurer or awaiting the result of any defense interposed for it by either the insurer or the reinsurer.

This proposition of law seems to be supported by the authorities cited where the claim is for an accident covered by the policy, but it cannot, of course, be applicable unless the accident was one for which the insured, under his policy, would have been entitled to indemnity for loss sustained therefrom. As we are convinced that appellant failed to show that the claim was of this character, the judgment refusing to allow it must be affirmed, even if the reason given therefor is not sound; and we need not, therefore, discuss or decide an insurer's status or rights under a contract of reinsurance to which he did not agree, or whether he may recoup from the insurer's receiver his loss in settling a claim arising under the policy, where the settlement was made without the insurer's consent after it had been declared insolvent.

There is no showing whatever that the insurer was liable under the policy for any part of this claim. The nature of the accident, how it occurred, and the extent of the claimant's injury, if any, are not disclosed. There is neither allegation nor proof that the claimant was an employe of appellant, or so engaged at the time, or that the settlement was the best that could be obtained, or fairly made. It is simply shown a suit was filed against appellant by one Andrews for $5,000.00; that an answer was filed therein by local attorneys for the insurer, and that appellant settled this suit by paying $100.00 to claimant's attorney and $50.00 to its own attorney, and the claimant paid the costs amounting to $12.35.

Judgment affirmed.